467 P.2d 723

**William Lloyd SMITH, Albert Orrin Smith and Doris Shirley Preston, Plaintiffs-Appellants,**

**v.**

**Marjorie Isabel SMITH, Defendant-Appellee.**

**No. 8986.**

Supreme Court of New Mexico.

April 13, 1970.

James A. Scarborough, Espanola, for appellants.

Marron, Houk & McKinnon, Albuquerque, for appellee.

OPINION

COMPTON, Chief Justice.

Orrin William Smith and Marjorie Isabel Smith, husband and wife, were the owners of a residence in joint tenancy in Albuquerque, New Mexico, and desiring to make disposition of it upon the death of the survivor, entered into the following contract:

"AGREEMENT

"AGREEMENT, dated 31st October, 1960, between ORRIN WILLIAM SMITH and MARJORIE ISABEL SMITH, husband and wife.

RECITALS:

The parties own the residence occupied by them in joint tenancy. Husband has three children from a previous marriage, and wife has two children from a previous marriage.

It is intended by this instrument to make provision for disposition of the residence upon the death of the survivor of the parties.

IN CONSIDERATION of the Recitals, IT IS AGREED:

(1) If husband survives wife, he will execute a Will devising an undivided one-half interest in the residence presently owned by the parties as joint tenants to the children of wife, to-wit: Claudia Phillips and Marjorie Doll Kastler. If wife survives husband, she will execute a Last Will and Testament under the terms of which an undivided one-half interest shall go to the children of husband, to-wit: William Lloyd Smith,

**398**

Albert Orrin Smith, and Doris Shirley Preston.

(2) The Wills provided for in the preceding paragraph shall be irrevocable during the life of the survivor.

WITNESS our signatures on the day and year first above written.

s/ Orrin William Smith
Orrin William Smith

s/ Marjorie Isabel Smith
Marjorie Isabel Smith"

Thereafter, on October 15, 1968, Orrin William Smith died and the appellants instituted this action alleging that since the appellee had failed and refused to comply with the terms of the written contract to make a last will and testament, they were entitled to a decree for specific performance of the contract, to a determination that they were the owners of an undivided one-half interest in the premises subject to the life estate of appellee and to a decree impressing a trust upon the premises for their benefit.

Subsequently, on July 16, 1969, after this action had been instituted, Marjorie Isabel Smith made a codicil to her last will and testament, properly attested, as follows:

"CODICIL TO LAST WILL
AND TESTAMENT

I, MARJORIE ISABEL SMITH, of Albuquerque, Bernalillo County, New Mexico, do make this first Codicil to my Last Will and Testament, and I do hereby ratify, confirm, and republish my said Last Will and Testament, which was executed by me on 12 January 1968, in all respects except that I give, devise, and bequeath an undivided one-half (½) interest in the residence located at

Lot numbered Twenty (20) in Block numbered Twenty-one (21) of Huning Castle Addition, to the City of Al-

buquerque, New Mexico, as the same is shown and designated on the Plat of said Addition filed in the Office of the County Clerk of Bernalillo County, New Mexico, March 1, 1968,

to the children of my deceased husband, to wit: WILLIAM LLOYD SMITH, ALBERT ORRIN SMITH, and DORIS SHIRLEY PRESTON. The remaining undivided one-half (½) interest in the above described residence shall pass under the terms of my Last Will and Testament, executed on 12 January 1968.

IN WITNESS WHEREOF, I, MARJORIE ISABEL SMITH, hereunto set my hand and seal this 16th day of July, 1969.

s/ Marjorie Isabel Smith
Marjorie Isabel Smith"

Appellee then joined issue by admissions and denials. As a further defense she alleges that she fully complied with the terms of the contract by the execution of the codicil.

At this stage of the proceedings the appellee moved for judgment on the pleadings, reasserting that she had fully complied with the contract by making the codicil. The motion was granted and the appellants are here seeking review of alleged errors.

We think it is obvious that the ruling of the court is correct. Presently, the appellants have no vested interest in the property involved and, therefore, have no standing to maintain the action. This conclusion is not to be construed as limiting any subsequent judicial determination of appellants' rights under the contract.

The judgment should be affirmed.

It is so ordered.

TACKETT, WATSON, and SISK, JJ., concur.